USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/26/2019_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OUSSAMA ABDULLAH KASSIR,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

19 Civ. 2424 (AT)

04 Cr. 0356-03 (AT)

**<u>ORDER</u>**

ANALISA TORRES, United States District Judge:

    Movant, currently incarcerated in the Administrative Security United States Penitentiary in Florence, Colorado, brings this *pro se* motion under 28 U.S.C. § 2255 challenging his conviction in *United States v. Kassir*, No. 04 Cr. 0356-03 (S.D.N.Y. Sept. 21, 2009), *aff'd*, *United States v. Mustafa*, 406 F. App'x 526 (2d Cir. 2011) (summary order). On March 21, 2019, the Court directed Movant to file a declaration showing cause why the motion should not be denied as untimely (the "March 21 Order"). ECF No. 3.[1] On April 15, 2019, Movant filed a reply. Mov. Reply, ECF No. 5. Having reviewed his response, Movant's § 2255 motion is DENIED as untimely. Movant's response does not alter the Court's prior analysis or conclusions in the March 21 Order.

## BACKGROUND

    After a jury trial, Movant was convicted of: (1) conspiring to provide and conceal material support and resources to terrorists, under 18 U.S.C. § 371; (2) providing and concealing material support and resources to terrorists, under 18 U.S.C. §§ 2 and 2339A; (3) conspiring to provide and conceal material support and resources to foreign terrorist organizations, under 18

---

[1] Unless otherwise noted, all ECF numbers cited herein reference the docket in *Kassir v. United States of America*, No. 19 Civ. 2424 (S.D.N.Y. Mar. 18, 2019).

U.S.C. § 2339B(a)(1); (4) providing material support and resources to a foreign terrorist organization, under 18 U.S.C. §§ 2 and 2339B(a)(1); (5) conspiring to kill, kidnap, maim, and injure persons in a foreign country, under 18 U.S.C. § 956(a); (6) conspiring to provide and conceal material support and resources to terrorists, under 18 U.S.C. § 2339A(a); and (7) distributing information relating to explosives, destructive devices, and weapons of mass destruction, under 18 U.S.C. §§ 2 and 842(p)(2)(A). In an amended judgment entered on September 21, 2009, the Honorable John F. Keenan sentenced Movant to an aggregate life imprisonment term and an aggregate five-year supervised release term.

Movant appealed. On January 19, 2011, the United States Court of Appeals for the Second Circuit affirmed the judgment of conviction. *Mustafa*, 406 F. App'x 526. Although the Supreme Court granted Movant's request to extend his time to file a petition for a writ of *certiorari*, and extended the period until June 20, 2011, *see Kassir v. United States*, No. 10A1030 (Apr. 21, 2011), Movant never filed such a petition.[2]

## DISCUSSION

This § 2255 motion is time-barred. A federal prisoner seeking relief under § 2255 must file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

---

[2] On March 20, 2012, the criminal action was reassigned to the Honorable Katherine B. Forrest. No. 04 Cr. 0356-03, ECF No. 125. On October 18, 2018, the criminal action was reassigned to this Court. *Id.*, ECF No. 534.

Movant seeks § 2255 relief under the Supreme Court's holdings in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (voiding the residual sentencing clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), for vagueness), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (holding that the residual clause in the Immigration and Nationality Act regarding deportable aliens, 18 U.S.C. § 16(b), which is similar to § 924(e), was unconstitutionally vague). He asserts that under § 2255(f)(3), his § 2255 motion is timely. *See* ECF No. 1 at 5. However, pursuant to § 2255(f)(3), a motion is timely if it is filed within one year from when the right asserted is initially recognized by the Supreme Court, *if it has been made retroactively available to cases on collateral review*. 28 U.S.C. § 2255(f)(3) (emphasis added).

The Supreme Court decided *Johnson* on June 26, 2015, and in *Welch v. United States*, 136 S. Ct. 1257 (2016), it held that in *Johnson*, it announced a substantive rule that applies retroactively on collateral review. Thus, if a § 2255 motion seeks *Johnson* relief, it is timely only if it was filed on or before June 27, 2016. *See* § 2255(f)(3); Fed. R. Civ. P. 6(a)(1)(C). Here, Movant filed his § 2255 motion on or about March 5, 2019, so it is untimely under *Johnson*.[3] His motion is also untimely under *Dimaya*, because although the Supreme Court decided *Dimaya* on April 17, 2018 (or within one year of when Movant filed this motion), it has never held that *Dimaya* announced a substantive rule that applies retroactively on collateral review. *See generally Chambers v. United States*, No. 18 Civ. 3298, 2019 WL 852295, at *8 (6th Cir. Feb. 21, 2019) (Moore, C.J., concurring) ("*Johnson* is retroactive." But *Dimaya* "is merely a straightforward application of the principle that governed *Johnson*."). Movant argues that the Court should hold that *Dimaya* applies retroactively because the Supreme Court held *Johnson* to

---

[3] In any event, Movant would not be entitled to relief under *Johnson* because he did not receive an enhanced sentence under 18 U.S.C. § 924(e), the statute at issue in that case.

3

be a substantive rule which applies retroactively. *See generally* Mov. Reply. However, it is well settled that "'a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.'" *United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013) (quoting *Tyler v. Cain*, 533 U.S. 656, 663 (2001)).

Nor is this motion timely pursuant to § 2255(f)(1), under which the applicable limitations period can be alternatively measured from the date that a § 2255 movant's judgment of conviction became final. A conviction is final, following a Court of Appeals' judgment, when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Because the Supreme Court extended Movant's time to file a petition for a writ of *certiorari* until June 20, 2011, under § 2255(f)(1), Movant had one year from that date—or until June 20, 2012—to file a timely § 2255 motion.

On or about March 5, 2019, Movant placed his § 2255 motion in his prison's mail system for its delivery to the Court. ECF No. 1 at 20. His motion, therefore, is untimely. Moreover, Movant has alleged no facts which show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this § 2255 motion, such that the Court should toll the limitations period. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the limitations period for § 2255 motions).

## CONCLUSION

For the reasons stated above, Movant's § 2255 motion is DENIED as time-barred. Because Movant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).

In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to (1) close 19 Civ. 2424, (2) terminate the motion at ECF No. 538 in 04 Cr. 356-3, and (3) mail a copy of this order to Movant *pro se*.

SO ORDERED.

Dated: April 26, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge