```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OUSSAMA ABDULLAH KASSIR,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

19 Civ. 2424 (AT)

04 Cr. 0356-03 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Movant, currently incarcerated in the Administrative Security United States Penitentiary in Florence, Colorado, brings this *pro se* motion under 28 U.S.C. § 2255 challenging his conviction in *United States v. Kassir*, No. 04 Cr. 0356-03 (S.D.N.Y. Sept. 21, 2009), *aff'd*, *United States v. Mustafa*, 406 F. App'x 526 (2d Cir. 2011) (summary order). ECF No. 1. On April 26, 2019, the Court denied Movant's § 2255 motion as untimely (the "April 26 Order"). ECF No. 6. On May 13, 2019, the Court received a letter from Movant stating that he "appeal[s] this Court's denial of [his] motion in accord with § 2255." ECF No. 7. In light of Movant's *pro se* status, the Court construes this as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). For the reasons stated below, Plaintiff's motion for reconsideration is DENIED.

    Motions for reconsideration are governed by Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and are entrusted to the "sound discretion" of the district court. *Davidson v. Scully*, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001). Under Rule 60(b), a motion for reconsideration is timely if it is made "within a reasonable time" and "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). A party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Movant argues that the Court erred because he has "clearly, unequivocally and categorically made a valid constitutional claim cognizable in our basic tenets and fundamental constitutional foundations and which is reasonable debatable." ECF No. 7.  The Court has considered Movant's arguments, and even under a liberal interpretation of his motion, Movant has failed to demonstrate that any of the grounds listed in Rule 60(b) apply or that there are extraordinary circumstances that warrant relief.  As the Court held in the April 26 Order, Movant's motion is time-barred and he "has alleged no facts which show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this § 2255 motion."  April 26 Order at 4.

Accordingly, Movant's motion for reconsideration is DENIED.  Because Movant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c); *see also Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).  In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to (1) enter judgment in accordance with this order and the April 26 Order and (2) mail a copy of this order to Movant *pro se*.

SO ORDERED.

Dated: May 14, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge